# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 13-cv-8152 |
| ALTA INDUSTRIAL EQUIPMENT COMPANY, LLC d/b/a ALTA EQUIPMENT COMPANY, LLC, a Michigan limited liability company; and ALTA LIFT TRUCK SERVICES, INC., a Delaware corporation, ) ) ) ) ) ) ) | |
| Defendants. ) ) | Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Defendants, Alta Industrial Equipment Company LLC d/b/a Alta Equipment Company LLC, and Alta Lift Truck Services, Inc. (collectively "Alta") move to dismiss plaintiff Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund (the "Fund") complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court denies the motion.

**Background**

The Fund filed its complaint seeking redress under the Employee Retirement Income Security Act (herein ERISA) as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001 *et seq*. ULT Services, L.P. f/k/a United Lift Truck, L.P. ("United Lift") was a signatory to a collective bargaining agreement with the Fund. This agreement required United Lift to contribute to the Fund's pension plan based on work completed by United Lift's union covered employees each week.

In December 2009, United Lift sent a letter to the Fund indicating that all of its thirty-six covered employees would be terminated. In January 2010, United Lift sold the majority of its assets to Alta Lift Truck Services Inc., but kept making payments to the pension plan. In 2011, United Lift terminated its relationship with the Fund and ceased contributions. In May 2011, the Fund determined that United Lift had withdrawn from the pension fund within the meaning of 29 U.S.C. §1383. In June 2011, the Fund's actuary determined that United Lift incurred withdrawal liability in the amount of $3,203,993.00. On July 11, 2011, the Fund sent notice and demand for payments to United Lift. On March 19, 2012, United Lift initiated arbitration to challenge the Fund's withdrawal liability assessment. In August 2013, the Fund entered into a settlement with United Lift, which required United Lift to dismiss the arbitration with prejudice and to agree to the entry of a Stipulated Judgment Order. United Lift stopped making payments after paying $541,482.39. To date the Fund claims it is owed $2,662,513.61, plus interest and liquidated damages.

Alta hired the majority of the thirty-four employees that were laid off by United Lift including the President and Director of Operations of United Lift, Trent Gorman. Alta recovered over $800,000.00 in receivables it purchased from United Lift and purchased over $3.1 million dollars in hard assets from United Lift. Alta provides the same sales and service of Hyster products as United Lift did prior to the sale. Alta uses the same telephone numbers previously maintained by United Lift, and completed work previously contracted by United Lift. The Fund filed a one count complaint seeking to impose successor liability on Alta for United Lift's withdrawal liability.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Discussion**

*I. Successor Liability*

Alta moves to dismiss the complaint, arguing that the Fund has failed to include specific factual allegations that demonstrate how Alta can be liable for United Lift's withdrawal liability when the Fund has a judgment in its favor to which Alta was not a party. In order to state a claim for successor liability, a plaintiff must plead that the successor firm had notice of its predecessor's liability and sufficient indicia of continuity between the two companies. *Sullivan v. Running Waters Irrigation, Inc.,* 739 F.3d 354, 357 (7th Cir. 2014); *Upholsterers' Intl. Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F. 2d 1323, 1329 (7th Cir. 1990).

*1. Notice*

A plaintiff can show notice through actual knowledge, as well as evidence that allows the fact finder to imply knowledge from the circumstances. *Sullivan*, 739 F.3d at 357 (citing *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 173, 94 S. Ct. 414, 38 L. Ed. 2d 388 (1973)). "Notice can be implied from variety of circumstances, such as common control or proximity." *Id.* The Fund alleges that Alta had notice of United Lift's withdrawal liability prior to, or at the time of the sale through Trent Gorman. Alta hired Trent Gorman, United Lift's President and Director of Operations, who

would have been aware of United Lift's pension fund obligations. At this stage, the Court may infer that Alta had notice of the withdrawal liability through Gorman.

## 2. Sufficient Indicia of Continuity

Courts generally look at four sources for indicia of continuity: (1) continuity in workforce; (2) continuity in supervisory personnel; (3) continuity in manufacturing or business processes; and (4) completion of work orders unfinished as of the date of asset purchase. *See Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Tasemkin*, 59 F.3d 48, 49-50 (7th Cir. 1995); *see also Artistic Furniture of Pontiac*, 920 F. 2d at 1329. Here, the Fund has also pleaded sufficient indicia of continuity. The complaint alleges that Alta hired the majority of United Lift's employees, including United Lift's President and Director of Operations. Further, Alta used the same telephone number and provided the same sales and service of Hyster products as United Lift prior to the sale. Alta also served a majority of United Lift's customers and completed work orders previously contracted by United Lift. This Court therefore finds the Fund sufficiently pleaded successor liability to survive dismissal.

## II. *Judicial Estoppel or Duplicative Relief*

Alta argues that the Fund cannot seek recovery for the withdrawal liability from both United Lift and Alta. Essentially, Alta contends that either United Lift's liability to the pension passed to its successor, in which case the successor is liable, or liability remained with United Lift. Alta further argues that the Fund has not shown that there is no risk of double recovery because it has not proven that United Lift will never pay. Typically, courts apply three factors to determine whether judicial estoppel applies to a particular case, including: (1) "a party's later position must be clearly inconsistent with its earlier position;" (2) that "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;" and (3) that

"the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51; *In re Knight-Celotex, LLC*, 695 F.3d 714, 721-22 (7th Cir. 2012).

Here, the Fund's "later position" of holding Alta liable as a successor to United Lift's withdrawal liability is not inconsistent with its initial position that United Lift was liable in the first instance for its unpaid pension fund contributions. Therefore, the first factor for finding a claim judicially estopped is not present. As the Seventh Circuit opined in *Tasemkin*, "A second chance is precisely the point of successor liability." *Tasemkin*, 59 F.3d at 51. Moreover, Alta appears to have abandoned this argument in its Reply brief. This Court finds that judicial estoppel is inapplicable here.

*III. Alta Equipment*

Defendants seek dismissal of Alta Industrial Equipment Company, LLC d/b/a Alta Equipment Company, LLC ("Alta Equipment") pursuant to Federal Rule of Civil Procedure 21. Alta Lift Truck Services, Inc. entered the asset purchase agreement with United Lift. Alta Equipment was not part of the asset purchase agreement with United Lift and therefore is dismissed for misjoinder. Fed.R.Civ.P. 21.

**Conclusion**

Based on the foregoing, this Court finds that the Fund adequately pleaded successor liability sufficient to raise the right to relief above the speculative level. Defendants' Motion to Dismiss the Complaint [10] is denied, except that Alta Equipment is dismissed as a party. The status hearing previously set for April 28, 2014, at 9:00 a.m. to stand.

IT IS SO ORDERED.

Date:   April 23, 2014                                Entered: _____
                                                               United States District Judge