**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, | ) ) ) ) ) | |
| Plaintiff, | ) | Case No. 1:13-CV-08152 |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) ) | Magistrate Judge Rowland |
| ALTA INDUSTRIAL EQUIPMENT COMPANY, LLC, a Michigan Limited Liability Company; and ALTA LIFT TRUCK SERVICES, INC., a former Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants ALTA Industrial Equipment Company, LLC ("ALTA EQUIPMENT") and ALTA Lift Truck Services, Inc. ("ALTA LIFT")(collectively "Defendants" or "ALTA"), through their undersigned counsel, submits the following as their responses and affirmative defenses to Plaintiff's Amended Complaint ("Complaint).

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001 et seq. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1451(c).

**RESPONSE:** Defendants are not required to respond to the allegations set forth in paragraph 1 of Plaintiff's Complaint as it sets forth conclusions of law.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund ("PENSION FUND") is administered at 500 West Plainfield Rd., Countryside, Illinois 60525 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in the Northern District of Illinois, Eastern Division.

**RESPONSE:** Defendants are not required to respond to the allegations set forth in paragraph 2 of Plaintiff's Complaint as they set forth conclusions of law.  To the extent that paragraph 2 infers that Defendants violated the statutes set forth therein, Defendants deny those allegations as untrue.

## PARTIES

3. Plaintiff, the Board of Trustees of the PENSION FUND, is authorized to administer the PENSION FUND which receives contributions from numerous employers and is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1302(a)(3).

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. The Board of Trustees of the PENSION FUND is the plan sponsor of the PENSION FUND within the meaning of 29 U.S.C. § 1301(a)(10)(A).

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Plaintiff is authorized to bring this action on behalf of the PENSION FUND, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. The Defendant ALTA LIFT is Delaware Corporation, with its principal place of business located in Michigan.

**RESPONSE:** Defendant ALTA LIFT admits the allegations set forth in paragraph 6 of Plaintiff's Complaint that its principal place of business is Michigan. Defendant ALTA LIFT denies the remaining allegations set forth in paragraph 6 as untrue.

7. The Defendant ALTA LIFT purchased the assets of ULT Services, L.P. f/k/a United Lift Truck, L.P. ("United Lift") in January 2010.

**RESPONSE:** Defendant denies the allegations set forth in paragraph 7 of Plaintiff's Complaint as untrue.

8. Upon information and belief, the Defendant ALTA EQUIPMENT is a subsidiary of ALTA LIFT, which operates in the State of Illinois.

**RESPONSE:** Defendants deny the allegations set forth in paragraph 8 of Plaintiff's Complaint as untrue.

9. United Lift withdrew from the Pension Fund shortly after the sale to ALTA LIFT.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. As a result of United Lift's withdrawal, it incurred withdrawal liability in the amount of $3,203,993.00.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. On October 31, 2013, the Honorable Charles R. Norgle, Sr. entered a Stipulated Judgment Order against United Lift in Case No. 12-CV-4565 in the amount of $3,203,993.00 for the full withdrawal liability. To date, the PENSION FUND has only been able to recover $541,482.39 from United Lift. Therefore, $2,662,513.61 in withdrawal liability principal

remains due and owing from United Lift. (A copy of the Stipulated Judgment Order is attached as Exhibit 1).

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants ALTA EQUIPMENT and ALTA LIFT are successors of United Lift and are employers for purposes of determining and assessing withdrawal liability under 29 U.S.C. § 1002(5).

**RESPONSE:** Defendants are not required to respond to the allegations set forth in paragraph 12 of Plaintiff's Complaint as they set forth conclusions of law. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 12 as untrue.

13. Because Defendants ALTA EQUIPMENT and ALTA LIFT are successors of United Lift, they are liable to the PENSION FUND for the withdrawal liability in the amount of $2,662,513.61 plus interest and liquidated damages.

**RESPONSE:** Defendants are not required to respond to the allegations set forth in paragraph 13 of Plaintiff's Complaint as the set forth conclusions of law. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 13 as untrue.

## FACTS

14. United Lift was signatory to a collective bargaining agreement with the Automobile Mechanics' Local Union No. 701 which requires it to submit contributions to the PENSION FUND on behalf of its employees working in covered employment.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of Plaintiff's Complaint as they deal with a relationship between Plaintiff and an entity that is not affiliated with Defendants.

15. During 2011, United Lift terminated its relationship with the PENSION FUND and ceased contributing to the PENSION FUND.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of Plaintiff's Complaint as they deal with a relationship between Plaintiff and an entity that is not affiliated with Defendants.

16. In May 2011, the Plaintiff determined that United Lift had completely withdrawn from the PENSION FUND during the plan year beginning January 1, 2011 and ending December 31, 2011 within the meaning of 29 U.S.C. §1383.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of Plaintiff's Complaint as they deal with a relationship between Plaintiff and an entity that is not affiliated with Defendants.

17. In June 2011, the Plaintiff's actuary determined that United Lift incurred withdrawal liability to the PENSION FUND in the amount of $3,203,993.00 pursuant to 29 U.S.C. §1392.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. On July 11, 2011, the Plaintiffs previous counsel sent a notice and demand for payment to United Lift in accordance with 29 U.S.C. § 1399.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of Plaintiff's complaint as it deals with a relationship between Plaintiff and an entity that is not affiliated with Defendants.

19. The notice and demand for payment enclosed a payment schedule in accordance with 29 U.S.C. § 1399, pursuant to which United Lift was required to make fifty-three (53) quarterly payments in the amount of $90,320.00 followed by a final payment in the amount of $32,866.00 to pay off its withdrawal liability. The first quarterly payment was due on August 1, 2011.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of Plaintiff's Complaint as they deal with a relationship between Plaintiff and an entity that is not affiliated with Defendants.

  20. United Lift initiated arbitration to challenge Plaintiff's withdrawal liability assessment pursuant to 29 U.S.C. § 1401 on March 19, 2012.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of Plaintiff's Complaint.

  21. In August 2013, the Plaintiff entered into a settlement with United Lift which required United Lift to dismiss the arbitration with prejudice and to agree to the entry of a Stipulated Judgment Order.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of Plaintiff's Complaint.

  22. On August 6, 2013, United Lift's counsel dismissed the arbitration proceeding with prejudice. (A copy of the email is attached as Exhibit 2).

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of Plaintiff's Complaint.

  23. While the Plaintiff has been able to collect some of the withdrawal liability from United Lift, a total of $2,662,513.61 plus interest and liquidated damages remains outstanding.

**RESPONSE:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of Plaintiff's Complaint.

  24. Defendants ALTA LIFT and ALTA EQUIPMENT are the successors to United Lift and are responsible for the remaining withdrawal liability plus interest and liquidated damages.

**RESPONSE:** Defendants are not required to respond to the allegations set forth in paragraph 24 of Plaintiff's Complaint as they set forth conclusions of law. To the extent that Defendants are required to respond, Defendants deny the allegations set forth in paragraph 24 as untrue.

## COUNT I
## CLAIM FOR WITHDRAWAL LIABILITY - SUCCESSOR LIABILITY

25. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-24 of this Complaint with the same force and effect as if fully set forth herein.

**RESPONSE:** Defendants incorporate their responses to paragraphs 1-24 of Plaintiff's Complaint as if set forth here.

26. On or about January 28, 2010, United Lift sold the majority of its operating assets to ALTA LIFT.

**RESPONSE:** In response to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendants admit only that certain assets of United Lift were transferred to Defendant ALTA EQUIPMENT and that that purchase was closed on or about January 28, 2010. To the extent that the allegations set forth in paragraph 26 are inconsistent with the foregoing, they are specifically denied as untrue.

27. At the time of the sale, ALTA LIFT was aware that United Lift was signatory to a Collective Bargaining Agreement with the Automobile Mechanics' Local No. 701 Union which required United Lift to contribute to the PENSION FUND.

**RESPONSE:** In response to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendants admit only that they were aware that a certain portion of United Lift's employees were unionized. Defendants deny as untrue the remaining allegations set forth in paragraph 27 as untrue.

28. Prior to the sale of United Lift's operating assets, Trent Gorman served as the President and Director of Operations of United Lift.

**RESPONSE:** Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint as untrue.

29. Upon the sale to ALTA LIFT, Trent Gorman was hired by ALTA EQUIPMENT to serve as the Branch Operations Manager. As the Branch Operations Manager, he is responsible for all daily operations of ALTA EQUIPMENT for Northern Illinois and Northwest Indiana.

**RESPONSE:** In response to the allegations set forth in paragraph 29 of Plaintiff's Complaint, Defendants admit only that Trent Gorman was hired by ALTA EQUIPMENT as a Branch Operations Manager. Defendants deny the remaining allegations set forth in paragraph 29 of Plaintiff's Complaint as untrue.

30. On or about January 28, 2010, the majority of the mechanic employees who previously worked for United Lift were hired by ALTA EQUIPMENT. Prior to the sale, United Lift was required to contribute to the PENSION FUND each week that the mechanic employees worked.

**RESPONSE:** In response to the first sentence of paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations as set forth therein as untrue. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 30 of Plaintiff's Complaint.

31. Upon information and belief, ALTA EQUIPMENT recovered over $800,000.00 in receivables it purchased from United Lift.

**RESPONSE:** Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Complaint as untrue.

32. After the sale to ALTA LIFT, ALTA EQUIPMENT continued to service a majority of the customers of United Lift.

**RESPONSE:** In response to the allegations set forth in paragraph 32 of Plaintiff's Complaint, Defendants admit only that ALT EQUIPMENT continued to service customers of United Lift after the asset purchase was closed on January 28, 2010. Defendants deny any remaining allegations in paragraph 32 as untrue.

8

33. As part of the sale, ALTA LIFT and ALTA EQUIPMENT purchased over $3.1 million in hard assets from United Lift.

**RESPONSE:** In response to the allegations set forth in paragraph 33 of Plaintiff's Complaint, Defendant ALTA EQUIPMENT admits that it received certain assets from United Lift that had a value greater than $3.1 million. Defendant denies the remaining allegations set forth in paragraph 33 of Plaintiff's complaint and those inconsistent with the foregoing as untrue.

34. ALTA EQUIPMENT continues to provide the same sales and service of Hyster products as United Lift prior to its sale to ALTA LIFT.

**RESPONSE:** In response to the allegations set forth in paragraph 34 of Plaintiff's Complaint, Defendant ALTA EQUIPMENT admits that it provides sales and service on behalf of Hyster but avers that it did so prior to the certain asset agreement with United Lift. To the extent the allegations set forth in paragraph 34 provide for otherwise, they are specifically denied as untrue.

35. ALTA EQUIPMENT uses the same telephone numbers previously maintained by United Lift.

**RESPONSE:** In response to the allegations set forth in paragraph 35 of Plaintiff's Complaint, Defendant admits that, through the asset purchase, it assumed certain telephone numbers that had been previously maintained by United Lift.

36. ALTA EQUIPMENT completed work orders previously contracted by United Lift.

**RESPONSE:** In response to the allegations set forth in paragraph 36 of Plaintiff's Complaint, Alta Equipment admits only that certain customers that had contracted for services through United Lift were serviced by ALTA EQUIPMENT after the asset purchase was closed. Defendants deny any allegation or inference set forth in paragraph 36 of Plaintiff's Complaint

that the only reason that those work orders were completed by ALTA EQUIPMENT was because of the asset purchase from United Lift as untrue.

37. ALTA EQUIPMENT is the successor entity to United Lift and should be held liable for the withdrawal liability of United Lift.

**RESPONSE:** Defendant ALTA EQUIPMENT denies the allegations set forth in paragraph 37 of Plaintiff's Complaint as untrue.

38. As the successors to United Lift, ALTA EQUIPMENT and ALTA LIFT are liable for all unpaid withdrawal liability plus interest and liquidated damages that are due and remain unpaid.

**RESPONSE:** Defendants deny the allegations set forth in paragraph 38 of Plaintiff's Complaint as untrue.

39. Plaintiff has complied with all conditions precedent in bringing this suit.

**RESPONSE:** Defendants deny the allegations set forth in paragraph 39 of Plaintiff's Complaint as untrue.

40. The Defendants ALTA EQUIPMENT and ALTA LIFT are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1451(e).

**RESPONSE:** Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Complaint as untrue.

WHEREFORE, the Plaintiff respectfully requests the following relief:

A. That Judgment be entered in favor of the Plaintiff and against the Defendants ALTA EQUIPMENT and ALTA LIFT, jointly and severally, in the amount of $2,662,513.61 for the withdrawal liability owed by United Lift;

B. That Judgment be entered in favor of the Plaintiff and against the Defendants ALTA EQUIPMENT and ALTA LIFT, jointly and severally, for interest calculated from August 1, 2011 through the date of the judgment;

    C.      That Judgment be entered in favor of the Plaintiff and against the Defendants ALT A EQUIPMENT and ALTA LIFT, jointly and severally, for liquidated damages calculated at a rate of 10% of the unpaid withdrawal liability;

    D.      That Judgment be entered in favor of the Plaintiff and against the Defendants ALTA EQUIPMENT and ALTA LIFT, jointly and severally, for the attorney's fees and costs incurred by the Plaintiff pursuant to 29 U.S.C. § 1451(e);

    E.      That this Honorable Court enter a Declaratory Judgment holding that Defendants ALTA EQUIPMENT and ALTA LIFT are jointly and severally liable, as successors, for all liabilities of United Lift; and

    F.      That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

**RESPONSE:** In response to the Wherefore paragraph, and its sub-parts A through F, Defendants deny that they are liable to Plaintiff for any damages, costs, attorneys fees or other relief.

WHEREFORE, ALTA Industrial Equipment Company, LLC and ALTA Lift Truck Services, Inc. respectfully request that the Court dismiss this action with prejudice and award Defendants costs and attorneys fees in responding to same.

## **AFFIRMATIVE DEFENSES**

Defendants ALTA Industrial Equipment Company, LLC and ALTA Lift Truck Services, Inc. submit the following as its affirmative defenses to Plaintiff's Complaint:

    1.      Plaintiff has failed to state a claim upon which relief can be granted, including but not limited to Defendants' lack of notice of withdrawal and a lack of continuity of operations with United Lift.

    2.      Plaintiff's claim is barred by the doctrines of collateral estoppels and/or *res judicata* because of, among other reasons, Plaintiff's failure to bring claims of successor liability

when Plaintiff now claims that liability attached, a failure to elect proper parties in earlier proceedings and the positions taken, issued ruled upon, in prior proceeding(s).

3. Plaintiff's claim is barred by laches because of, among other reasons, Plaintiff's lack of providing Defendants notice of withdrawal prior the sale of certain assets of ULT and notice when withdrawal actually occurred, failure to bring claims of successor liability when Plaintiff now claims that liability attached, and a failure to elect proper parties in earlier proceedings.

4. Plaintiff's claims are barred, in whole or part, by Plaintiff's own actions or inactions, including but not limited to Plaintiff's lack of providing Defendants notice of withdrawal prior the sale of certain assets of ULT and notice when withdrawal actually occurred, and a failure to elect proper parties in earlier proceedings.

5. Plaintiff's claims may be barred by its failure to exhaust its administrative and or contractual remedies, including but not limited to failure to elect proper parties in earlier proceedings.

6. Plaintiff has failed to mitigate its alleged losses, its entitlement to which is expressly denied, including but not limited to Plaintiff's lack of providing Defendants notice of withdrawal prior the sale of certain assets of ULT and notice when withdrawal actually occurred. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff.

7. Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitation because, among other reasons, Plaintiff failed to give Defendants any notice of withdrawal liability and failed to elect proper parties in earlier proceedings and did not bring

claims against Defendants in a timely fashion when Plaintiff alleges successor liability attached to Defendants.

8. Defendants reserve the right to add any other such affirmative defenses as may become known through discovery.

WHEREFORE, Defendants ALTA Industrial Equipment Company, LLC and ALTA Lift Truck Services, Inc. respectfully request that the Court dismiss this action in its entirety, with prejudice, and award Defendants their costs and attorneys' fees in responding to same.

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

By:/s/ Louis Theros
**Louis Theros (ARDC # 6205488)**
150 West Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000
theros@butzel.com
*Attorney for Defendants*

CHEN NELSON ROBERTS LTD.

By: /s/ Kristi Nelson
**Kristi Nelson (ARDC # 6229943)**
15th Floor
203 N. LaSalle St.
Chicago IL 60601
(312)782-4436
knelson@chennelsonroberts.com
*Local Counsel for Defendants*

Dated: June 20, 2014

**CERTIFICATE OF SERVICE**

   Louis Theros, an attorney, certifies that on the 20th day of June, 2014, he caused a copy of the foregoing documents to be filed electronically with the court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system.

               Respectfully submitted,

               BUTZEL LONG
               *a professional corporation*

Date: June 20, 2014       By: /s/ Louis Theros
               **Louis Theros (ARDC # 6205488)**
               150 West Jefferson Avenue, Suite 100
               Detroit, Michigan 48226
               (313) 225-7000
               theros@butzel.com
               *Attorneys for Defendants*